Citation Nr: 1811324 
Decision Date: 02/22/18 Archive Date: 03/06/18

DOCKET NO. 14-16 858 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a bilateral hip disorder, to include as secondary to service-connected bilateral callosities of the feet with tinea pedis.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Marcus J. Colicelli, Associate Counsel


INTRODUCTION

The Veteran had active service from July 1969 to February 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois. 

In March 2016, the Board remanded the Veteran's claim for additional development, including a new VA examination. Following the May 2016 VA examination, a supplemental statement of the case (SSOC) continued the denial of the Veteran's claim. The matter has been returned to the Board for further appellate proceedings.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Following readjudication in the May 2016 SSOC of the Veteran's claim, additional evidence was associated with the claims folder. In particular, the Veteran's attending VA physician provided a medical statement in June 2016 that apparently was meant to convey there could be an association between the Veteran's service and his hip disability. The Appellant's Brief submitted by the Veteran's representative in November 2017, appears to request the RO consider this statement in the first instance. The request should be honored. 

Accordingly, the case is REMANDED for the following actions:

Review the claims, to include the evidence received since the May 2016 Supplemental Statement of the Case, and re-adjudicate the claim. If the benefit sought remains denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).